IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **GREGORY MARSHALL**, | * |
| Plaintiff, | * |
| v. | *   Case No.: RWT 11cv870 |
| **JON P. GALLEY,** *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

Gregory Marshall requests emergency and permanent injunctive relief, alleging that corrections personnel at Western Correctional Institution ("WCI") refuse to transfer him to another Maryland Division of Correction ("DOC") prison or place him in protective custody despite knowledge that gang members intend to kill him. Marshall indicates he had been violently assaulted by gang members on five occasions. He implies that he has been housed with known gang members or their associates and denied transfer or protective custody as punishment for an incident wherein he was accused of throwing feces on correctional officers.[1]  ECF Nos. 1, 10.

Although Marshall is barred generally from civil filings under the "three strikes" provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), the undersigned permitted the case to proceed with regard to Marshall's assertion that he is being housed at WCI near

---

[1] Marshall was found guilty of assault on the officers and on December 28, 2009, was sentenced to three years consecutive to his current sentence. *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=01K09012778&loc=57&detailLoc=K

known enemies.  Marshall was ordered to amend his Complaint, ECF No. 3, and has done so.[2]  ECF No. 6.  Emergency injunctive relief was denied by Order dated September 27, 2011.  ECF No. 22.  The case is now before the Court for review of a Motion for Summary Judgment filed on behalf of Defendants Morgan and Tichnell (ECF No. 24) and Marshall's responses thereto.  ECF No. 26, 29.  No hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2011).  For the reasons stated below, the Motion filed on behalf of Defendants will be granted and injunctive relief denied.

## I.     Standard of Review

### a.  Summary Judgment

Summary judgment is governed by Fed. R. Civ. P. 56(a) which provides that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion: "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis omitted).  The party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Once the moving party has met that burden, the non-

---

[2] Marshall alleges his enemies are Carlos Moody, #348-170, Armad Parrine, #348-277, Robert Lowery, #324-880, David Patrick, #325-051, and Melvin Alaeze, #347-265.  In his Amended Complaint, Marshall reiterates allegations made in previous lawsuits alleging that after a sexual assault by Moody on September 18, 2008, Moody placed a "contract" on Marshall's life because Marshall reported the assault.  Marshall claims that as a result of Moody's orders, he has been assaulted five times by gang members or their associates at WCI.  He claims an assault by Lowery on August 8, 2008, assault by Alaeze on August 18, 2008, assault by Parrine on December 5, 2008, and assault by Patrick on December 18, 2010.  Marshall also alleges he was assaulted by an unknown prisoner on October 27, 2009.

moving party must come forward and demonstrate that such an issue does, in fact, exist. *See Matsushita Elec. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in [his] favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002) (citation omitted). The court must, however, also abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat*, 346 F.3d at 526 (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *see also Smith v. Ozmint*, 578 F. 3d 246, 254 (4th Cir. 2009).

### b. Eighth Amendment

In order to prevail on an Eighth Amendment claim of failure to protect from violence, a plaintiff must establish that prison officials exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F. 2d 977, 979 (4th Cir. 1987). "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the

penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994) (citations omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837; *see also Rich v. Bruce*, 129 F. 3d 336, 339-40 (4th Cir. 1997).

## II. Analysis

"[T]o survive summary judgment, [Marshall] must come forward with evidence from which it can be inferred that the defendants . . . knowingly and unreasonably disregard[ed] an objectively intolerable risk of harm, and that they will continue to do so; and finally to establish eligibility for an injunction, the inmate must demonstrate the continuance of that disregard during the remainder of the litigation and into the future." *Farmer*, 511 U.S. at 846. Marshall's Eighth Amendment claims fail because Defendants demonstrate that his complaints have been investigated and cannot be substantiated.

Marshall challenges the decision to house him at WCI and deny him protective custody and claims multiple instances of assault at the hands of fellow prisoners, one of whom remains housed at WCI.[3] Paradoxically, he also challenges the determination that he should not be transferred to North Branch Correctional Institution ("NBCI") because he has known enemies there. ECF No. 26. He also seeks single-cell assignment or an opportunity to select his cell mate. ECF Nos. 26; 29, Ex. 1.

---

[3] David Patrick is the only documented enemy currently housed at WCI. Patrick is in general population. ECF No. 24, Ex. 2 at ¶ 3.

The uncontroverted evidence demonstrates that with one exception, Marshall—and not his fellow prisoners—was the aggressor and not the victim of the "assaults" alleged.[4] The September 18, 2008, incident involving Carlos Moody began with both men yelling at each other in their cell before coming to blows. Each was documented to be the enemy of the other. Marshall received an infraction and was sentenced to disciplinary segregation for his role in the incident. ECF No. 24, Exs. 3-4. On February 5, 2009, Marshall received another disciplinary conviction for fighting with Armad Parrine. He was again disciplined for attacking Robert Lowery on August 7, 2009. *Id*., Exs. 2-3, 6. On October 27, 2009, Marshall received another infraction for assaulting Gregory Wallop, #347-896. *Id*., Exs. 2-3, 7. On December 18, 2010, Marshall and Patrick were observed punching one another. Both were thereafter listed as enemies. Marshall received a disciplinary sentence for the incident.[5] *Id*., Exhibits 2-3, 9.

Maryland's Division of Correction ("DOC") uses Special Confinement Housing ("SCH") when a prisoner requires close supervision, segregation from general population prisoners, or both. SCH is provided for the purposes of administrative segregation, disciplinary segregation, and protective custody. In most instances where protective custody housing is provided, two prisoners typically are housed in a cell. Protective custody is appropriate only when required for the protection of the prisoners, and "every effort shall be made by case management staff . . . to find suitable alternatives to protective custody housing." ECF No. 24, Ex. 2 at 3; Ex. 11.

Marshall offers no evidence from which one can infer that the Defendants knowingly and unreasonably disregarded a risk of harm, and he does not meet the criteria for protective custody.

---

[4] Alaeze was found guilty of assaulting Marshall on August 8, 2009, and was subsequently documented as one of Marshall's enemies. ECF No. 24, Exs. 2-3.

[5] Among his other adjustment convictions, Marshall also received an infraction for filing a false report alleging assault by prisoner Henry Jones, #348-842. ECF No. 24, Exs. 2 and 8.

The record indicates that Defendants repeatedly received complaints from Marshall and investigated his claims. Defendants indicate that Plaintiff's "claims of enemies and his life being in danger have been investigated numerous times and were unsubstantiated; therefore, he does not meet the criteria for [protective custody] placement." *Id*., Ex. 2, ¶ 13. Defendants demonstrate that they received Plaintiff's letters regarding his concerns about enemies and his living situation and found that his concerns were meritless. *Id.* Exs. 14-16.[6] Thus, summary judgment for the Defendants is appropriate.

Marshall simply does not meet the criteria for continued assignment to protective custody status and he is not a candidate for a behavior management program at NBCI, where at least one documented enemy, Alaeze, is housed. A permanent injunction mandating his transfer or his placement on protective custody housing is not warranted. By separate Order summary judgment shall be granted to the correctional Defendants and the case closed.

Date: <u>March 23, 2012</u>                                          /s/
                                                          ROGER W. TITUS
                                                          UNITED STATES DISTRICT JUDGE

---

[6] The Court notes, however, that due to his many adjustment convictions Marshall will remain on disciplinary segregation housing until November 29, 2015. ECF No. 24, Ex. 2, ¶ 3; Ex. 3.